UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EARNEST LEE ANDERSON,

    Petitioner,

v.                                  Case No.:   2:17-cv-329-FtM-66NPM

SECRETARY, DOC and FLORIDA
ATTORNEY GENERAL,

    Respondents.
_____/

## ORDER

    The petitioner, Earnest Anderson, pleaded guilty in Florida state court to one count of robbery, a second-degree felony. Because the state trial court found that the underlying robbery for which he pleaded guilty occurred within three years of Anderson's release from a Florida state prison operated by the Department of Corrections, it ruled that Anderson qualified as a prison release reoffender (PRR). This PRR designation triggered a statutory mandatory minimum sentence of fifteen years' imprisonment. In accord with that mandatory minimum prescribed by the Florida Legislature, the state trial court subsequently sentenced Anderson to 15 years' imprisonment. (Doc. 12, Ex. 1.) Anderson now seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254, asserting that, among other things, the trial court violated his constitutional rights by erroneously classifying him as a PRR. (Doc. 1.). The Court has the benefit of the State of Florida's response (Doc. 11), and notes that Anderson did not file a reply brief. For the reasons explained, the Court denies Anderson's petition.

## BACKGROUND

The facts of this case are straight forward. Anderson entered a negotiated guilty plea to robbery. In exchange for that guilty plea, the State agreed to not file a habitual felony offender notice. Before sentencing, the State filed a "Prison Release Reoffender Notice" under Florida Statute §775.082(9)(a). In that notice, the State set forth that Anderson committed this robbery, an enumerated qualifying offense, within three years of being released from a state correctional facility operated by the Department of Corrections. (Doc. 12, Ex. 2.) In exchange for that guilty plea, the State did not file a habitual felony offender notice. After a plea and sentencing hearing, the state court adjudicated Petitioner guilty of robbery and imposed a fifteen-year sentence. (Doc. 12, Ex. 4.) Anderson did not take a direct appeal of that conviction and sentence. He instead filed a motion to correct sentence under Florida Rule of Criminal Procedure 3.800(a), which the state post-conviction court denied. (Doc. 12, Ex. 7.)

Anderson appealed the post-conviction court's denial of his post-conviction motion to the Florida Second District Court of Appeal, raising two issues:

> 1.  Trial court committed reversible error in sentencing Appellant as a prison release reoffender when defendant was not actually released from state correctional facility to conditional release pursuant to Section 775.082(9)(a)(1) Fla. Stat. within 3 years of his release from a correctional institution.
>
> 2.  Did the trial court impose an illegal sentence on Appellant when trial court sentenced him as a prison releasee reoffender pursuant to section 775.082(9)(a)(1) Fla. Stat. (2014) where Appellant does not qualify?

(Ex. 9.)

The Second District Court of Appeal affirmed the post-conviction court's decision without opinion. *Anderson v. State*, 231 So.3d 421 (Table) (Fla. 2d DCA 2017) (per curiam); (Doc. 12, Ex 10.) Anderson then moved for Rehearing, Rehearing En Banc, and Clarification. (Doc. 12, Ex. 11.) The Second District Court of Appeal denied Anderson's motion for panel rehearing and clarification and struck his motion for rehearing en banc. (Doc. 12, Ex. 12.) The Second District Court of Appeal's mandate issued on May 23, 2017. (Doc. 12, Ex. 13.)

Anderson filed a Notice to Invoke Discretionary Jurisdiction of the Florida Supreme Court. (Doc. 12, Ex. 14). The Florida Supreme Court dismissed Anderson's case for lack of jurisdiction. (Doc. 12, Ex. 15.). Anderson then filed the instant petition. The State concedes the petition is timely filed.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), governs this action. *Abdul-Kabir v. Quarterman*, 550 U.S. 233, 246 (2007). Under the AEDPA, the standard of review is greatly circumscribed and highly deferential to the state courts. *Alston v. Dep't of Corr., Fla.,* 610 F.3d 1318, 1325 (11th Cir. 2010) (citations omitted). The AEDPA altered the federal court's role in reviewing state prisoner applications to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

### *Exhaustion of State Remedies and Procedural Default*

Before a district court can grant habeas corpus relief to a state prisoner under

§ 2254, the petitioner must exhaust all state court remedies available for challenging his conviction, either on direct appeal or in a state post-conviction motion. *See* § 2254(b)(1)(A); *O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999) ("[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."). A state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process, including review by the state's court of last resort, even if review in that court is discretionary." *Pruitt v. Jones,* 348 F.3d 1355, 1358-59 (11th Cir. 2003) (internal quotations and citation omitted).

To exhaust a claim, a petitioner must make the state court aware of both the legal and factual bases for his claim. *See Snowden v. Singletary,* 135 F.3d 732, 735 (11th Cir. 1998) ("Exhaustion of state remedies requires that the state prisoner 'fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass on and correct alleged violations of its prisoners federal rights.'" (quoting *Duncan v. Henry,* 513 U.S. 364, 365 (1995)). A federal habeas corpus petitioner "'shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented.'" *Pruitt,* 348 F.3d at 1358 (quoting 28 U.S.C. § 2254(c)). The prohibition against raising an unexhausted claim in federal court extends to both the broad legal theory of relief and the specific factual contention that supports relief. *Kelley v. Sec'y for Dep't of Corr.,* 377 F.3d 1317, 1344 (11th Cir. 2004). "It is not

enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." *Zeigler v. Crosby*, 345 F.3d 1300, 1307 (11th Cir. 2003) (internal quotations and citation omitted).

Anderson raises two grounds that he argues warrant post-conviction relief: (1) violation of his Sixth and Fourteenth Amendment rights because he was improperly sentenced as a prison release reoffender under Fla. Stat. § 775.82(9); and (2) that Fla. Stat. § 775.82(9) is unconstitutional. The State of Florida replies that both arguments are unexhausted and procedurally barred. This Court agrees with the State.

### *Ground One*

First, Anderson argues that his designation as a released reoffender violated his Sixth and Fourteenth Amendment due process rights because his release from prison on September 12, 2012, was conditional. Thus, he contends that Florida's PRR statute did not apply to him. The State argues that Ground One is unexhausted because Anderson did not raise a federal constitutional claim on direct appeal or in his Rule 3.800(a) post-conviction motion. And even if not deemed exhausted, the State argues, Anderson's claim nevertheless fails.

Here, it is clear Anderson did not argue a violation of the United States Constitution in either his Rule 3.800(a) postconviction motion or his direct appeal of the postconviction court's denial of that motion. The record clearly shows that Anderson exclusively argued that the PRR statute, section 775.82(9), did not apply to him based on the text of the statute and the Florida courts' application of that state

statute. (Doc. 12, Ex. 5.) Anderson did not argue that the PRR statute was unconstitutional on its face or as applied to him. And Anderson did not argue that anything about his classification of a PRR violated any federal constitutional right. Because Anderson failed to exhaust his Sixth and Fourteenth Amendment claims in Florida state court, he is procedurally barred from raising them on federal review. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan,* 526 U.S. at 842 (explaining that "the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition").

To circumvent the exhaustion requirement, Anderson must establish that "there is an absence of available state corrective process" or that "circumstances exist that render such process ineffective to protect [his] rights." 28 U.S.C. § 2254(b)(1)(B)(ii) and (iii). He makes no such showing here. He brought claims in state court under Rule 3.800, on direct appeal, and he only raised state law claims that did not address the constitutional claims he now raises for the first time in this petition. As such, Anderson's claim is unexhausted.

Even if Anderson's claim were not barred, Ground One of his petition nevertheless fails. Anderson argues that his prison release reoffender designation is illegal because he was released from prison on a "conditional release," as opposed to physically remaining incarcerated. As such, Anderson asserts, he was still technically incarcerated when he committed the robbery in December 2014. The statute reads:

> "Prison release reoffender" means any defendant who commits, or attempts to commit . . . Robbery . . . within 3 years after being released from a state correctional facility operated by the Department of Corrections or a private

>vendor, …, or a correctional institution of another state, the District of Columbia, the United States, any possession or territory of the United States, or any foreign jurisdiction, following incarceration for an offense for which the sentence is punishable by more than 1 year in this state.

Fla. Stat. § 775.082(9)(a)(1).

Courts in Florida have interpreted this provision to mean the release from a state correctional facility operated by the Department of Corrections facility rather than just release from DOC custody or simply by the DOC. *See Gallion v. Sec'y, Fla. Dep't of Corr.*, 2019 WL 2567931 at *12 (M.D. Fla. June 21, 2019) (noting that time begins to run when the person is ultimately released from prison for prison releasee purposes). The Prisoner Release Reoffender Act contemplates release from a physical plant operated by the DOC and not a condition placed on an individual after release is granted. *See State v. Lewars*, 259 So. 3d 793, 798 (Fla. 2018) ("This language addresses the defendant's release from a 'facility,' not from the legal custody of a particular entity and not from a particular sentence length, and it requires that that facility be one 'operated by the Department of Corrections or a private vendor.'"). Here, Anderson's claim that his release from a state correctional institution operated by the Department of Corrections was conditional and therefore not a release for the purposes of being a prison released reoffender is unpersuasive. He cites no applicable law, nor has this Court identified any state law supporting this argument. Simply stated, Anderson's argument fails both procedurally and on the merits. Consequently, this Court denies his petition as to Ground One.

### *Ground Two*

It is unclear what exactly Anderson is asking for in Ground Two. Construing the arguments set forth in this ground liberally, as this Court must, Anderson appears to assert that Florida's PRR statute is unconstitutional and that his due process rights were violated because being designated a released reoffender besmirched his reputation. (Doc. 1 at 14). The State argues that Ground Two is unexhausted and procedurally barred. This Court again agrees with the State.

First, it is noteworthy that Anderson neither objected to his designation as a PRR during his sentencing hearing nor took a direct appeal of that designation. Anderson also did not file a motion to correct a sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b), or a motion for postconviction relief pursuant to Rule 3.850, where challenges as to PRR designations and associated challenges for ineffective of counsel are typically addressed, respectively.

Again, a federal habeas corpus petitioner must exhaust his claims for relief by raising them in state court before presenting them in his federal petition. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan*, 526 U.S. at 842 ("[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."). Federal habeas corpus petitioners who fail to raise federal claims properly in state court are procedurally barred from pursuing the same claims in federal court. *Owen v. Sec'y for Dep't of Corr.*, 568 F.3d 894, 907-08 (11th Cir. 2009). Additionally, Anderson's claim that his reputation was besmirched by his released reoffender status is frivolous. Anderson also raises no grounds to circumvent

the exhaustion requirement. Because Anderson's claim is unexhausted and procedurally barred in state court, he cannot obtain habeas corpus relief under Ground Two.

### Denial of Certificate of Appealability

Turning to a certificate of appealability to the United States Court of Appeals for the Eleventh Circuit, the Court has determined that Anderson has not met the requisite showing to merit one. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Anderson "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (internal quotations and citation omitted), "or that the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations and citation omitted). Anderson has not made the requisite showing here. Finally, because Anderson may not have a certificate of appealability, he may not appeal *in forma pauperis*.

Accordingly, it is now **ORDERED**:

1. Earnest Anderson's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1) is **DENIED**.

2. The Clerk will enter judgment, terminate any pending motions and deadlines, and close the file.

**DONE AND ORDERED** in Fort Myers, Florida on September 8, 2020.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

SA:   FTMP-2
Copies:   All Parties of Record